UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DANIEL CARPENTER,

        Plaintiff,                       Case No. 1:22-cv-196

v.                                          Hon. Hala Y. Jarbou

UNKNOWN KNAPP, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Muskegon Correctional Facility (MCF) in Muskegon,

Muskegon County, Michigan. Plaintiff sues the following MCF personnel: Deputy Warden Unknown Steward and Lieutenants Unknown Knapp and Unknown Barnes.

Plaintiff alleges that on July 18, 2020, he filed a grievance against Defendant Knapp challenging Knapp's purported false belief that Plaintiff associated with, or belonged to, a gang. Plaintiff purportedly tried to resolve the issue by filing "many grievance complaints." (Compl., ECF No. 1, PageID.3.) Nearly a year later, on July 7, 2021, Knapp again accused Plaintiff of belonging to a gang without what Plaintiff believes was "any legitimate evidence." (*Id.*) Presumably as a result, Plaintiff was identified as a Security Threat Group (STG) member and designated STG I,[1] but it is not clear whether Knapp specifically made the designations or someone else. Plaintiff asserts that Defendants Barnes and Steward assisted Knapp with "falsified documents against [P]laintiff in order to support and enforce the []STG[]." (*Id.*) Plaintiff alleges that he is not in any gang nor was he "at that time." (*Id.*)

Plaintiff seeks declaratory relief, $500,000 in compensatory damages, and $500,000 in punitive damages.

**II.    Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

---

[1] According to MDOC policies, an STG is "a group of prisoners designated by the Director as possessing common characteristics that distinguish themselves from other prisoners or groups of prisoners and that, as an entity, pose a threat to staff or other prisoners or to the custody, safety and security of the facility." MDOC Policy Directive 04.04.113, ¶ B (eff. Date Dec. 20, 2021). An "STG I" designation refers to "[a]n offender who has been verified and designated through gathered intelligence, information and/or activity to be an active member of a STG." *Id.*, ¶ C.

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendants violated rights provided to him by the First, Eighth, and Fourteenth Amendments.

### A. Retaliation

Plaintiff appears to contend that Defendant Knapp reported him as belonging to a prison gang in retaliation for Plaintiff's prior grievances, which in turn complained that Knapp accused Plaintiff of being a gang member. Plaintiff further argues that Defendants Barnes' and Steward's conduct constituted retaliation because they allegedly warned Plaintiff at some time during the previous year to stop filing grievances that presumably repeatedly lodged the same complaints that Knapp accused Plaintiff of being a gang member.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory

4

motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants retaliated against him because he filed "many grievance complaints." The scant details that Plaintiff provides in the complaint simply do not offer enough factual allegations to support a claim for retaliation.[2] Indeed, Plaintiff's own allegations indicate that Defendant Knapp had investigated and accused Plaintiff of gang affiliations *before* Plaintiff's first grievance. An "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming

---

[2] The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

However, the right to file grievances is protected only insofar as the grievances are not "frivolous." *Herron*, 203 F.3d at 415. "Abusive or manipulative use of a grievance system would not be protected conduct." *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012). As the Supreme Court held in *Lewis v. Casey*, 518 U.S. 343 (1996), "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions." *Id.* at 353 n.3.

Plaintiff has not offered that he had any clear cognizable basis to file a nonfrivolous grievance against Defendant Knapp when Knapp accused Plaintiff of belonging to a gang, much less the "many grievance complaints" subsequently filed in the year that followed. If Plaintiff had concerns about receiving an STG designation, policies permit both an appeal and a removal of the designation. *See* MDOC Policy Directive 04.04.113, ¶¶ EE to II. It is not at all apparent that Plaintiff's concerns with Knapp were grievable under MDOC Policy. Moreover, grievances are properly rejected when they are duplicative. *See* MDOC Policy Directive 03.02.130, ¶ J(2) (eff. Date Mar. 18, 2019). Consequently, Plaintiff would not have a right to file duplicative grievances because they would be frivolous. Thus, Plaintiff's continued attempts to file what were apparently frivolous grievances complaining about Knapp's accusations could understandably draw warnings that, for example, Plaintiff may be placed on modified access to the grievance process. *See id.*, ¶ JJ.

5

that everything that happens to him is retaliatory." *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002). At best, Plaintiff's retaliation claims are nothing more than speculation supported by conclusory statements. However, speculative allegations such as these fail to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court will dismiss Plaintiff's retaliation claims.

### B.     Remaining claims

Plaintiff's remaining claims fare no better. Plaintiff alleges that Defendants have further violated Plaintiff's Eighth and Fourteenth Amendment rights "by their deliberate indifference" (Compl., ECF No. 1, PageID.2) and caused him "enormous mental health damage and physical suffering" (*id.*, PageID.4) in the process. However, Plaintiff has explained neither how any Defendant has been deliberately indifferent nor how he has suffered mentally and physically. His allegations are merely conclusory statements, which fail to state a claim. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court will dismiss Plaintiff's conclusory claims.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to

§ 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: August 16, 2022                    /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE